## NEWMAN & GREENBERG LLP
ATTORNEYS
950 THIRD AVENUE
NEW YORK, NEW YORK 10022
TEL. (212) 308-7900
FAX (212) 826-3273

**MEMO ENDORSED**

RICHARD A. GREENBERG
STEVEN Y. YUROWITZ
—
WILLIAM J. DOBIE

GUSTAVE H. NEWMAN (1927-2017)

August 8, 2022

**BY ECF**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:  *United States v. Goldbrener, et al.*, 18-Cr-614 (KMK)
   **(Request for Adjournment on Consent)**

Dear Judge Karas:

   I am writing to request a two-and-a-half-month adjournment of Mr. Schwartz's surrender date, currently set for August 15, 2022, until November 1, 2022.  On July 7, 2022, Your Honor granted Mr. Schwartz's request to extend his time to surrender until August 15, 2022, because the BOP had not yet designated a facility for the custodial portion of Mr. Schwartz's sentence.  Indeed, to our knowledge, the designation process has still not commenced since a judgment has not yet been entered, although it appears that entry of the judgment is imminent.

   In any event, I am compelled to request another adjournment of Mr. Schwartz's surrender date because, since his sentencing, Mr. Schwartz's son became engaged to marry, and a delay of Mr. Schwartz's surrender is necessary to enable him to attend his son's wedding, which will occur sometime at the end of October, after the Jewish High Holidays have ended.  That is the earliest date by which the two families can accomplish all that needs to be done to fulfill the religious and social requirements of an Orthodox Jewish wedding.  A November 1 surrender date would permit Mr. Schwartz to assist in the preparation for and attend the wedding, as well as the 7-day festive meal ceremonies (known as "Sheva Brochos") that follow an Orthodox wedding.

   As I understand the government's position on this application, the government is amenable to adjourning Mr. Schwartz's current surrender date, but opposes the length of the adjournment I propose in this application.  The government attorneys have informed me that they "are not consenting to months-long self-surrender adjournments for any defendants to attend

NEWMAN & GREENBERG LLP

Hon. Kenneth M. Karas
August 8, 2022
Page 2

social celebrations/engagements." With all due respect to the government, and at the risk of sounding paternalistic, the marriage of a child is one of the most significant milestones in the life of both the child and the parents, and not simply a random "social celebration." In the Orthodox Jewish tradition, the marriage of a child has serious religious implications and significance. Of course Mr. Schwartz recognizes the Court's obligation to see its judgment implemented, including a surrender to commence the custodial portion of the judgment. The adjournment Mr. Schwartz requests in this application is not unreasonable, particularly since, through no fault of Mr. Schwartz's, the judgment has not yet issued. Indeed, most of Mr. Schwartz's co-defendants have not yet been sentenced and, in counsel's understanding, will not be sentenced until mid-October 2022. Nor does anyone suggest that Mr. Schwartz presents any kind of danger while free pending his surrender.

Accordingly, I respectfully request that Your Honor exercise the Court's broad discretion and grant Mr. Schwartz this final adjournment to permit him to attend his son's wedding. At a minimum, I request that the Court extend Mr. Schwartz's surrender date to September 15, 2022, so that he can travel to the Mayo Clinic in Arizona during the week of August 15, 2022, to complete previously described medical testing, a request to which the government consents.

In sum, Mr. Schwartz respectfully requests that his surrender date be adjourned until November 1, 2022 or, at a minimum, to September 15, 2022. The government opposes the former request but consents to the latter request.

Respectfully submitted,

Steven Y. Yurowitz

cc: All government counsel (by ECF)
All defense counsel (by ECF)

*The request to adjourn the sentence is granted. However, the extension will only be for 30 days. While the Court is sympathetic to Defendant's desire to attend his son's wedding, that is not unique to him. Missing family events is a foreseeable consequence of imprisonment.*

SO ORDERED

KENNETH M. KARAS U.S.D.J.
8/9/2022